Thomas P. Riley (SBN 194706)
**LAW OFFICES OF THOMAS P. RILEY, P.C.**
**First Library Square**
**1114 Fremont Avenue**
**South Pasadena CA 91030**
Telephone No. (626) 799-9797
Facsimile No. (626) 799-9795
TPRLAW@att.net
**Attorneys for Plaintiff**
**J & J Sports Productions, Inc.**



FILED
CLERK, U.S. DISTRICT COURT

DEC - 2 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

### UNITED STATES DISTRICT COURT
### FOR THE
### CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | Case No. **EDCV10-1871** WDK (FMO) |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| **JOHN AHN, JANET JIEUN LEE, JOHN LEE and DAVID AHN, individually and d/b/a OMOKASE SUSHI,** | |
| **Defendants.** | |

**PLAINTIFF ALLEGES:**

### NATURE OF THIS ACTION

1.     Plaintiff, J & J Sports Productions, Inc., (hereinafter referred to as "Plaintiff"), by its attorneys, Law Offices of Thomas P. Riley, P.C., complaining of Defendant/s herein, respectfully sets forth and alleges as follows:

2.     This Complaint seeks declaratory and injunctive relief, along with actual, statutory, and punitive damages for Defendant/s unauthorized reception, interception, copying and public

exhibition of private satellite or cable transmissions of the Saturday, December 6, 2008 pay-per-view boxing program featuring *Oscar De La Hoya v. Manny Pacquiao Welterweight Championship Fight Program* (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*") in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"), California state statute Business and Professions Code § 17200, and the common law.

## JURISDICTION

3.     This is a civil action seeking damages and declaratory and injunctive relief for violation of copyright infringement under the copyright laws of the United States (17 U.S.C. §101, *et seq.*) for the tort of conversion, and for violation of California state statute Business and Professions Code § 17200.  This Court has jurisdiction under 17 U.S.C. § 101, *et seq.* and 28 U.S.C. Section § 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section § 1338(a) (copyright).

## VENUE

4.     Upon information and belief, venue is proper in this court because *inter alia*, all defendants reside within the State of California (28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c)(1)), and 28 U.S.C. § 1400(a) and because the defendant/s had or have a regular and established business in this district and the claims arose in this district, this Court has personal jurisdiction over the parties in this action.  Defendant/s to this action had or has an agent or agents who had or has independently transacted business in the State of California.

## INTRADISTRICT ASSIGNMENT

5.     Assignment to the Eastern Division of the Central District of California is proper because a substantial part of the events or omissions giving rise to the claim occurred in San Bernardino

County and/or the United States District Court for the Central District of California has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6.     Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

7.     Plaintiff is informed and believes, and alleges thereon that Defendant, John Ahn, is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Omokase Sushi operating at 16635 Sierra Lakes Parkway, Fontana, California 92335.

8.     Plaintiff is informed and believes, and alleges thereon that Defendant, Janet Jieun Lee, is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Omokase Sushi operating at 16635 Sierra Lakes Parkway, Fontana, California 92335.

9.     Plaintiff is informed and believes, and alleges thereon that Defendant, John Lee, is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Omokase Sushi operating at 16635 Sierra Lakes Parkway, Fontana, California 92335.

10.     Plaintiff is informed and believes, and alleges thereon that Defendant, David Ahn, is an owner, and/or operator, and/or licensee, and/or permittee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Omokase Sushi operating at 16635 Sierra Lakes Parkway, Fontana, California 92335.

## COUNT I

### (Violation of the Copyright Act)

11.     Plaintiff J & J Sports Productions, Inc. hereby incorporates by reference all of the allegations contained in paragraphs 1-10, inclusive, as though set forth herein at length.

12.     Pursuant to contract, Plaintiff J & J Sports Productions, Inc. was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Program* telecast nationwide on Saturday, December 6, 2008.

13.     Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

14.     Plaintiff is also the assignee of the copyright to the *Program* for enforcement purposes, therefore, the party with lawful standing to prosecute claims of piracy and infringement against the legal operators of commercial establishments who are identified exhibiting the *Program* without the requisite closed-circuit (commercial) license.

15.     As the assignee of the copyright to the *Program* for enforcement purposes, and as a commercial distributor and licensor of sporting events, including the *Program* to the hospitality industry, Plaintiff J & J Sports Productions, Inc. expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial establishments.

///

16.     As the assignee of the copyright and other exclusive rights in and to the *Program*, J & J Sports Productions, Inc. has the exclusive right to authorize the reception, public performance, and display of the *Program* to commercial establishments within the United States.

17.     Defendant/s intercepted transmissions of the copyrighted *Program* without authorization from the Plaintiff and publicly performed and/or exhibited the *Program* without authorization from the Plaintiff.

18.     By receiving, publicly performing and exhibiting without authorization the satellite and/or cable transmissions of the *Program*, the defendant/s infringed upon J & J Sports Productions, Inc.'s rights of copyright and other exclusive rights in the *Program*.

19.     The defendant/s also made a secondary transmission of the *Program*, which was not intended for reception by the public at large.

20.     By the unauthorized secondary transmission of the private copyrighted programming to the public, the defendant/s infringed upon J & J Sports Productions, Inc.'s rights of copyright and other exclusive rights under § 111(b) of the Copyright Act.

21.     The defendant/s infringement of J & J Sports Productions, Inc.'s rights of copyright was willful. Defendant/s knew or should have known of the copyright and other rights in the *Program*, and that unauthorized interception and exhibition of the *Program* was unlawful. Accordingly, the defendant/s' election to intercept and exhibit the Program constitutes a willful infringement of J & J Sports Productions, Inc.'s rights of copyright therein.

22.     With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every of the above named Defendants and/or their agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission

at their commercial establishment in Fontana, California located at 16635 Sierra Lakes Parkway, Fontana, California 92335.

23. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

24. J & J Sports Productions, Inc. may institute this action for copyright infringement against the defendant/s pursuant to Section 501(b) of the Copyright Act.

25. The defendant/s' infringement of J & J Sports Productions, Inc.'s rights of copyright has injured and will continue to injure the ability of J & J Sports Productions, Inc. to maximize the revenues derived from the Program, by depriving J & J Sports Productions, Inc. of the benefit of commercial subscribers to its programming and by injuring J & J Sports Productions, Inc.'s commercial credibility. As a further result of such infringement, the defendant/s gained, and will continue to gain, unjust profits and undeserved goodwill.

26. Unless restrained by this Court, the defendant/s will continue to infringe copyrights and other exclusive rights owned by J & J Sports Productions, Inc. The defendant/s publicly showed the *Program* without authorization and J & J Sports Productions, Inc. cannot practicably detect or determine each occasion on which the defendant/s infringe upon J & J Sports Productions, Inc.'s rights of copyright and other exclusive rights by publicly showing programming in an unlawful manner. Such copyright infringement has caused, and will continue to cause, J & J Sports Productions, Inc. irreparable harm. J & J Sports Productions, Inc. cannot practicably determine the lost subscribers and lost revenues resulting from the defendant/s violations of the Copyright Act. In addition to diminishing J & J Sports Productions, Inc.'s revenues, the defendant/s' unlawful conduct injures J & J Sports Productions, Inc.'s commercial credibility and its ability to attract and finance the future acquisition and distribution of quality programming and thereby impairs J & J Sports Productions, Inc.'s ability to enhance its future growth and profitability. J & J Sports Productions, Inc. has no adequate remedy of

law to redress such copyright infringement.

27. By reason of the aforementioned conduct, the defendant/s willfully violated 17 U.S.C. § 501(a).

28. By reason of the aforementioned conduct, the defendant/s willfully violated 17 U.S.C. § 501(b).

29. As a result of the defendant/s willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. § 504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

30. Plaintiff is further entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

31. Plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to Plaintiff:

32. This Court declare that the defendant/s unauthorized exhibition of the *Program* violated the Federal Communications Act and;

33. That such violations were committed willfully and for purposes of the defendant/s' direct or indirect commercial advantage or for private financial gain.

## COUNT II
### (Conversion)

34. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-33, inclusive, as though set forth herein at length.

35.    By their aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the *Program* at their commercial establishment at the above-captioned address, the aforementioned Defendants, and each of them, tortuously obtained possession of the *Program* and wrongfully converted same for their own use and benefit.

36.    The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to severe economic distress and great financial loss.

37.    Accordingly, Plaintiff J & J Sports Productions, Inc. is entitled to both compensatory, as well as punitive and exemplary damages, from aforementioned Defendants as the result of the Defendants' egregious conduct, theft, and conversion of the *Program* and deliberate injury to the Plaintiff.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III
### (Violation of California Business and Professions Code Section 17200, *et seq.*)

38.    Plaintiff hereby incorporates by reference all of the allegations contained in Paragraphs 1-37, inclusive, as set forth herein at length.

39.    By contract, Plaintiff J & J Sports Productions, Inc. was granted exclusive domestic commercial exhibition closed-circuit rights to the *Program*.

40.    Plaintiff did not authorize transmission, interception, reception, divulgence, exhibition, or display of the *Program* to the general public, persons at large, or to the commercial establishment operated by the foregoing Defendants, or any of them.

41. With full knowledge that the *Program* was not to be intercepted, received, published, divulged displayed, and/or exhibited by commercial locations unlicensed (and therefore unauthorized) to do so, each and every one of the above-named Defendants and/or their agents, servants, workmen, or employees did unlawfully intercept, received, publish, divulge, display, and/or exhibit the *Program* at the real time transmission of the *Program's* broadcast at their respective commercial establishments, as more particularly indicated and identified above.

42. Plaintiff is informed and believes and alleges thereon that the Defendants and/or their agents, servants, workmen, or employees performed the aforementioned acts knowingly, willfully and to confer a direct or indirect commercial advantage and/or private financial gain to the Defendants and/or their agents, servants, workmen, or employees, to the detriment and injury of Plaintiff and its business enterprise as a commercial distributor and closed-circuit licensor of sports and entertainment television programming.

43. The Defendants' unauthorized interception, publication, divulgence and/or exhibition was done by the Defendants and/or their agents, servants, workmen, or employees wantonly, recklessly, and without regard whatsoever for the intellectual property rights of the Plaintiff.

44. The aforementioned unlawful acts of each of the Defendants and/or their agents, servants, workmen, or employees constituted, unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices, and by reason of the aforementioned conduct, the Defendants, and each of them, violated California Business and Professions Code § 17200, *et seq.*

45. As a proximate result of the aforementioned acts attributable to the Defendants, Plaintiff has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss in a sum to be determined at trial.

///

///

46. By reason of the Defendants' violation of California Business and Professions Code § 17200, *et seq.*, Plaintiff J & J Sports Productions, Inc. is entitled to restitution for its injuries, the disgorgement and turn-over of the Defendants' ill-gotten gains, as well as injunctive and declaratory relief, from each of the aforementioned Defendants as may be made more appropriately determined at trial.

47. Plaintiff is entitled to its attorneys' fees from the Defendants for enforcing California Business and Professions Code § 17200 as it meets the standards of a private attorney general as specifically and statutorily defined under California Civil Procedure Section 1021.5.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each defendant pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a);

2. For reasonable attorneys' fees as mandated by statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For compensatory damages in an amount according to proof against the Defendants, and each of them, and;

2. For exemplary damages against the Defendants, and each of them, and;

3. For punitive damages against the Defendants, and each of them, and;

4. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

///

5.   For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

6.   For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1.   For restitution to the Plaintiff in an amount according to and from the Defendants, for their ill-gotten gains, and;

2.   For declaratory relief, and;

3.   For prohibitory and mandatory injunctive relief, and;

4.   For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

5.   For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

6.   For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: 11/29/10

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley, Esquire
Attorneys for Plaintiff
J & J Sports Productions, Inc.

///

///

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge William D. Keller and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## EDCV10- 1871 WDK (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| J & J Sports Productions, Inc., <br><br> PLAINTIFF(S), <br> v. <br> JOHN AHN, JANET JIEUN LEE, JOHN LEE and DAVID AHN, individually and d/b/a OMOKASE SUSHI, <br> DEFENDANT(S). | EDCV10-1871 (FMOx) <br> wok <br><br> SUMMONS |

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

_____Thomas P. Riley, Esq._____ , whose address is:

Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030
Tel: (626) 799-9797

An answer to the ✕ COMPLAINT,  • _____ AMENDED COMPLAINT,
(1st, 2nd, etc.)
• COUNTERCLAIM,  • CROSS-CLAIM  which is herewith served upon you within __21__ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U. S. DISTRICT COURT

**TANYA DURANT**

DATE:___12-2-10___       By_____
                                              Deputy Clerk

*(SEAL OF THE COURT)*

CV-1A (01/01)                                          SUMMONS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| J & J Sports Productions, Inc., <br><br> PLAINTIFF(S), <br><br> v. <br> JOHN AHN, JANET JIEUN LEE, JOHN LEE and DAVID AHN, individually and d/b/a OMOKASE SUSHI, <br> DEFENDANT(S). | EDCV 10-1871 WDC (FMOx) <br><br> SUMMONS |

TO:   THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

_____Thomas P. Riley, Esq._____ , whose address is:

Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030
Tel: (626) 799-9797

An answer to the ✘ COMPLAINT,  •  _____ AMENDED COMPLAINT,
(1ˢᵗ, 2ⁿᵈ, etc.)

•  COUNTERCLAIM,  •  CROSS-CLAIM   which is herewith served upon you within __21__ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U. S. DISTRICT COURT

DATE:___12-2-10___

By_____TANYA DURANT_____
Deputy Clerk

(SEAL OF THE COURT) 1188

---

## CIVIL COVER SHEET

**I.(a) PLAINTIFFS**

J & J Sports Productions, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Santa Clara__
( EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Thomas P. Riley, SBN# 194706
Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030
Tel: (626) 799-9797

**DEFENDANTS**

John Ahn, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __San Bernardino__
(IN U.S. PLAINTIFF CASES ONLY)

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** *(PLACE AN x IN ONE BOX ONLY)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $** 150,000.00   Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES  ☒ NO

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of Telecommunications Statutes 47 USC 553; 47 USC 605

**VII. NATURE OF SUIT** *(PLACE AN x IN ONE BOX ONLY)*

| OTHER STATUTES | CONTRACT | TORTS - PERSONAL INJURY | TORTS - PERSONAL INJURY | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | | | | **PROPERTY RIGHTS** |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Heal;th | |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 385 Property Damage Product Liability | ☐ 690 Other | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | **LABOR** | ☐ 862 Black Lung(923) |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Information Act | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | | **FEDERAL TAX SUITS** |
| | ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☒ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | |
| | ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | |
| | | | ☐ 555 Prison Condition | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? __X__ No ☐ Yes

If yes, list case number(s): _____

CV-71 (10/01)        CIVIL COVER SHEET - Continued on Reverse        **EDCV10-1871**        Page 1 of 2

**FOR OFFICE USE ONLY:** G Pro Hac Vice fee: G paid G not paid

Applying IFP _____ Judge _____ Mag. Judge _____

**CIVIL COVER SHEET**
(Reverse Side)

AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case? __X__ No _____Yes

If yes, list case number(s): _____

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

(CHECK ALL BOXES    ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;

THAT APPLY)    ☐ B. Involve the same or substantially the same parties or property;

   ☐ C. Involve the same patent, trademark or copyright;

   ☐ D. Call for determination of the same or substantially identical questions of law, or

   ☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Santa Clara

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).

☐ CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

San Bernardino

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

San Bernardino

X. SIGNATURE OF ATTORNEY (OR PRO PER): X _____ Date _____

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (10/01)       CIVIL COVER SHEET       Page 2 of 2